## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:09cv159

| | | |
|---|---|---|
| GENERAL CASUALTY COMPANY<br>OF WISCONSIN; and SOUTHERN<br>PILOT INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>Vs.<br><br>IMAGE BUILDERS, INC. d/b/a<br>HANSON BUILDERS; RICHARD<br>HANSON; CARL SCHNEIDER; and<br>CHERYL SCHNEIDER, his wife,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

**THIS MATTER** is before the court on a paper writing (#15) filed by Richard Hanson that appears to be in response to plaintiffs' Motion for Entry of Default (#14) as to defendants Image Builders, Inc., and Mr. Hanson.   The paper writing is not addressed to the court, but appears to be a copy of an email Mr. Hanson sent to counsel for plaintiffs, explaining that the corporate entity is "debunk" [*sic*], that he is attempting to find an attorney to take on the defense of this matter on a contingency basis, and that he was cleared of this matter in arbitration.

While such paper writing was filed July 30, 2009, neither Mr. Hanson nor Image Builders, Inc., has made any appearance, made any response to the Motion for

Entry of Default, or moved for additional time to answer.  The Clerk of this court will be instructed to re-designate such paper writing as a copy of correspondence and consider the merits of the Motion for Entry of Default as such paper writing is not a response which in any way cures the default of such defendants or seeks any relief from the court.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of this court re-designate docket entry #15  as a copy of correspondence and then consider the merits of the Motion for Entry of Default.

Mr. Hanson is advised that upon entry of default by the Clerk of this court he may move on his own behalf to set aside the default under Rule 55(c) for good cause shown, explaining his failure to answer the Complaint within the time allowed accompanied by a proposed Answer.  Mr. Hanson is further advised that he cannot appear or file any pleadings on behalf of the corporate defendant unless he is an attorney.  Finally, Mr. Hanson is advised that he cannot send stand-alone copies of correspondence with others to the court, that any pleading must contain a request for relief, and that any pleading he files with the court must be served on counsel for all

other parties of record and contain a certificate that such service was actually made.

Signed: September 10, 2009

Dennis L. Howell
United States Magistrate Judge