# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv159

| | |
|---|---|
| GENERAL CASUALTY COMPANY )<br>OF WISCONSIN and SOUTHERN )<br>PILOT INSURANCE COMPANY, )<br>                                  )<br>        Plaintiffs,      )<br>                                  )<br>      vs.               )<br>                                  )<br>IMAGE BUILDERS, INC., d/b/a )<br>HANSON BUILDERS, RICHARD )<br>HANSON, CARL SCHNEIDER, and )<br>CHERYL SCHNEIDER, )<br>                                  )<br>       Defendants.   ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Summary Judgment [Doc. 21].

## PROCEDURAL HISTORY

The Plaintiffs' amended complaint seeks a declaration of their obligations and liabilities in connection with a Businessowner's Policy issued to Image Builders (Image), doing business as Hanson Builders. [Doc. 3]. It is alleged that Richard Hanson (Hanson) and Image acted as the general

contractor during the construction of a residence for Carl and Cheryl Schneider (Schneiders). [Id.]. After a dispute concerning construction arose, the builders (Image and Hanson) and the Schneiders completed arbitration with an award of $95,000.00 plus costs and attorneys' fees being rendered in favor of the Schneiders. [Id.]. The Plaintiffs seek a declaration regarding their obligation to pay these sums under the insurance contract.

Image was served on June 24, 2009 and failed to file an answer. [Doc. 10]. Hanson was served on June 24, 2009 and also failed to answer. [Doc. 11]. As a result, the Plaintiffs moved for entry of default on July 22, 2009. [Doc. 14]. On July 29, 2009, Hanson sent an email to the Plaintiffs' attorneys stating that he was writing on behalf of himself and Image to report that Image had gone out of business. [Doc. 15]. On July 30, 2009, Hanson filed a copy of that email in the record of this action. [Id.]. On September 11, 2009, the Clerk of Court entered default against Image and Hanson. [Doc. 17].

The Schneiders appeared in the action and filed a counterclaim against the Plaintiffs. [Doc. 9]. In accordance with the Pre-Trial Order and Case Management Plan (Doc. 19), the Plaintiffs filed a motion for summary judgment against the Schneiders on April 29, 2010. [Doc. 21]. Plaintiffs have not sought default judgment against Image and Hanson, but rather have included in their motion for summary judgment a request for summary

judgment against those defendants. [Id.].

Defendant Hanson appears in this matter *pro se*. Image has made no appearance since a corporation cannot appear in federal court through a *pro se* individual but must appear through counsel. "It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). "While [28 U.S.C. §1654] allows [Hanson] to [defend] his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [Hanson] has no authority to [defend] an action in federal court on behalf of others than himself." Stoner v. Santa Clara County Office of Education, 502 F.3d 1116, 1126 (9th Cir. 2007), *certiorari denied* 128 S.Ct. 1728, 170 L.Ed.2d 515 (2008); Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties). Image must appear through counsel on or before May 17, 2010 or face the entry of judgment against it.

As to Defendant Hanson, in accordance with the decision of the United States Fourth Circuit Court of Appeals in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hanson is cautioned that he carries a heavy burden in responding to a motion for summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). This language means that if Hanson has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented, if at all, by Hanson to this Court on or before May 17, 2010. As stated in Rule 56(e), Hanson's failure to respond may result in the entry of summary judgment against him.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Image Builders, Inc., d/b/a Hanson Builders, shall appear through counsel on or before May 17, 2010 or face entry of judgment against it.

**IT IS FURTHER ORDERED** that Defendant Hanson may respond in accordance with Federal Rule of Civil Procedure 56(e) on or before May 17, 2010.

Signed: May 3, 2010

Martin Reidinger
United States District Judge